## Julius Stein et al.
### v.
## Leo Metzger et al.

1. Contract.—A contract between parties, one condition of which was that the goods were to be furnished and delivered at once, and there was an express provision that if they were not furnished and delivered within the time contemplated the defendants might return to plaintiffs the goods not delivered within such time. *Held* that no time being specified within which such return should be made the law would imply that it should be done within such time as was reasonable in view of all circumstances.

2. Same.—A portion of the goods not being sent on time, defendants returned to plaintiffs such goods within a reasonable time, as disclosed by the evidence, and plaintiffs refused to receive the goods from the carrier and now bring *indebitatus assumpsit* against defendants for goods sold and delivered. *Held* that plaintiffs had no option to refuse the goods when returned and that they have no right to recover the price of them in this action; the doctrine that if the buyer would rescind an entire contract he must rescind *in toto* does not apply to this case as the return is in pursuance of an express provision of the contract. Defendants would be liable only upon a *quantum valebant* for the goods received and used.

Appeal from the Superior Court of Cook county; the Hon. Elliott Anthony, Judge, presiding. Opinion filed January 27, 1886.

Messrs. Weigley, Bulkley & Gray, for appellants.

Messrs. Flower, Remy & Gregory, and Mr. H. K. Tenney, for appellees.

McAllister, J. This was *indebitatus assumpsit* by appellees against appellants, for goods sold and delivered. Plea, the general issue. The case was tried by the court without a jury and resulted in finding and judgment for plaintiffs for $621.25 damages, and defendants prosecute this appeal. The defendants admit an indebtedness to plaintiffs in the sum of $256.50, and claim that the balance of the judgment is not only not supported by the evidence, but against the undisputed evi-

dence in the case.   The material facts are shown by uncontradicted testimony, and are:   That plaintiffs being dealers in furs in the city of New York, and defendants being manufacturers of cloaks in the city of Chicago, the defendants, November 10, 1883, at Chicago, gave an order to plaintiffs' agent for certain specified kinds and quantities of fur goods, at agreed prices, to be furnished by plaintiffs in New York to defendants at Chicago, to be used in the business of the latter for trimming cloaks.   As the season for defendants' use of them would expire somewhere from the fifteenth to the twentieth of that month, of which plaintiffs were informed, it was expressly agreed that plaintiffs should fill the order at once, and that any of such goods as were not received by defendants in time, they might return to plaintiffs.   At the time of making the contract said agent of plaintiffs stated to defendants that the former had the goods in stock.   The plaintiffs, in performance of the contract, sent from New York by express a portion of the goods November 12, 1883, and from that date to and including the 24th, same month, made four other shipments, which the defendants received and accepted, and about which there is no controversy in this case.   But on November 28th and 30th, respectively, plaintiffs in like manner shipped other portions of the goods so ordered, and December 1 and 4, 1883, made shipments of what remained, to complete the contract. The defendants refused to accept any of the goods shipped after November 24th, and December 4 and 11, 1883, re-shipped to plaintiffs all that had been so rejected, which were tendered by the carrier to the plaintiffs, who refused to receive them. The matter of the goods so returned by defendants to the plaintiffs constitutes the only ground for controversy in the case.   But the court below held that defendants were liable to plaintiffs for the agreed price, and under the general *indebitatus* count for goods sold and delivered, gave judgment accordingly.   We are of opinion that, under the undisputed facts of the case, such ruling was erroneous.   By the order as given by defendants and accepted by plaintiffs, or in other words by the contract between the parties, the plaintiffs were to furnish the goods at once.   That required greater promptness than if

the contract had expressly or impliedly required them to send the goods within a reasonable time. Such time—at once—was an ingredient or condition of the contract—was of the essence of it. The plaintiffs clearly did not comply with, but committed a breach of their contract; and if defendants had taken and used any of the goods shipped after such breach they would not be bound to pay the agreed price, but would be liable only upon a *quantum valebant* for the goods so received and used, as in the case of goods delivered under an executory contract of sale, which did not answer the description of those ordered by the buyer. Shields v. Reibe, 9 Bradwell, 602 ; Cutter v. Powell, 2 Smith's Lead. Cases, 34.

The contract between the parties in this case was an executory, conditional contract of sale. One condition was that the goods were to be furnished and delivered at once. The other was an express provision that if they were not furnished and delivered within the time contemplated the defendants might return to plaintiffs the goods not delivered within such time. No time being specified within which such return should be made, the law would imply that it should be done within such time as was reasonable in view of all the circumstances.

We are of opinion that the return by the defendants was within such reasonable time, under the circumstances disclosed by the evidence. The plaintiffs, it is true, refused to accept the goods so returned, but the contract expressly giving the defendants the right to return them, then if they exercised that right within a reasonable time the plaintiffs had no option to refuse them when returned. They were bound to receive them, and therefore it is the same as if they had accepted them. Buller, J., in Towers v. Barrett, 1 Term R. 133. Most assuredly if they had accepted the goods returned, they would have been barred of the right to recover the price of them in this action. The general doctrine, that if the buyer would rescind an entire contract he must rescind *in toto*, does not apply to this case; because here the return is in pursuance of an express provision of the contract itself.

The judgment will be reversed and the cause remanded.

Judgment reversed.